IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security | : | NO. 21-2038 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                 January 12, 2022

Beverly Martinez ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying her claims for disability insurance benefits ("DIB").[2] For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

**I.     PROCEDURAL HISTORY**

Plaintiff was born on April 6, 1966, and protectively filed for DIB on August 14, 2017, alleging disability as of August 8, 2017, due to major neck pain and surgery, cervical fusions at c4-5 and c6-7, sciatica, depression, anxiety, and carpal tunnel syndrome of both hands.  Tr. at 99-100, 234, 281.  After her claim was denied initially,

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action.  No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

[2]In her Brief and Statement of Issues, Plaintiff refers to an application for supplemental security income.  Doc. 6 at 1.  Such an application is not contained in the administrative record and the ALJ's decision addresses only a claim for DIB.  Tr. at 13.

id. at 114-18, she requested a hearing before an administrative law judge ("ALJ"), id. at 122,³ which was held on February 5, 2019. Id. at 29-65. A supplemental hearing was held on August 27, 2019, to obtain testimony from a medical expert ("ME"). Id. at 66-98. On September 9, 2019, the ALJ issued her decision denying Plaintiff's claim. Id. at 13-23. On March 4, 2021, the Appeals Council denied Plaintiff's request for review, id. at 1-4, making the ALJ's September 9, 2019 decision the final decision of the Commissioner. 20 C.F.R. § 404.981.

Plaintiff initiated this action by filing her complaint on May 3, 2021. Doc. 1. In response to Plaintiff's brief in support of her request for review, see Doc. 6, Defendant filed an uncontested motion for remand to allow an ALJ to "take any action necessary to further evaluate the case and complete the administrative record." Doc. 7 ¶ 3.⁴

## II.  DISCUSSION

The ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the spine, status post fusion surgery, and the non-severe impairments of obesity, mental health impairments, and a history of carpal tunnel release. Tr. at 16. In her assessment of Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing light work with certain postural, manipulative, and

---

³A second Request for Hearing by Administrative Law Judge is contained in the record but refers to a different claimant. Tr. at 123-25.

⁴The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

environmental limitations. Id. at 18.[5] Plaintiff challenges the ALJ's finding that her mental impairments are not severe, complains that the ME did not have the benefit of hearing Plaintiff's testimony or a summary thereof in violation of the Administration's guidelines, and argues that the ALJ erred in failing to afford Plaintiff the opportunity to question the ME. Doc. 6 at 3-17.

Citing limited mental health treatment, the ALJ found that Plaintiff's mental impairments were not severe and did not include any limitations in the RFC assessment to account for any limitations associated with Plaintiff's mental health impairments. Tr. at 16-17, 18. However, Joseph Primavera, Ph.D., who conducted a consultative mental status evaluation, diagnosed Plaintiff with major depressive disorder, moderate, generalized anxiety disorder, a history of panic attacks in remission, and social anxiety. Id. at 469. The doctor noted that Plaintiff had a depressed and anxious affect, and that distractibility impaired her attention, concentration, and recent and remote memory skills. Id. at 468-69. In his assessment, Dr. Primavera found that Plaintiff had marked limitation in interacting appropriately with the public, and moderate limitation in her abilities to understand, remember, and carry out complex instructions, make judgments on complex work-related decisions, interact appropriately with supervisors, co-workers, and respond appropriately to usual work situations and changes in a routine work setting. Id. at 471-

---

[5]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

72. William Anzalone, Psy.D., who reviewed Plaintiff's record at the initial determination stage, concluded that Plaintiff's mental health impairments caused moderate impairment in all areas of functioning: understanding, remembering or applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting or managing oneself. Id. at 104. Thus, the mental health treatment opinion evidence is in conflict with the ALJ's determination that Plaintiff's mental health impairments were not severe. On remand, the ALJ should reconsider the mental health treatment evidence in the record.

Plaintiff also complains that the ALJ did not comply with the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") by allowing the ME to testify without hearing Plaintiff's testimony or a synopsis of Plaintiff's testimony in violation of HALLEX I-2-6-70(b), and by limiting Plaintiff's cross-examination of the ME in violation of HALLEX I-2-6-70(c). Doc. 6 at 9, 13.[6] I note that the Third Circuit has held that "HALLEX provisions . . . lack the force of law and create no judicially-enforceable rights." Bordes v. Comm'r of Soc. Sec., 235 F. App'x 853, 859 (3d Cir. 2007); see also Schweiker v. Hansen, 450 U.S. 785, 789 (1981) ("[T]he Claims Manual is not a regulation. It has no legal force, and it does not bind the

---

[6]The HALLEX is available on the Social Security Administration's website. HALLEX I-2-6-70(b) states that "[i]f the ME was not present to hear pertinent testimony, . . . the ALJ will summarize the testimony for the ME on the record." HALLEX I-2-6-70(b). This section of the HALLEX also states that "[t]he claimant and the representative have the right to question the ME fully on any pertinent matter within the ME's area of expertise." HALLEX I-2-6-70(c). See https://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-70.html (last visited Jan. 3, 2022).

4

SSA. Rather, it is a 13-volume handbook for internal use by thousands of SSA employees."). Thus, a mere violation of the HALLEX does not serve as a valid basis for remand. See Ganges v. Comm'r of Soc. Sec., Civ. No. 17-1982, 2018 WL 5342717, at *8 (D.N.J. Oct. 29, 2018) (citing Reed v. Barnhart, No. 07-5099, 2008 WL 2835331, at *7 (D.N.J. July 18, 2008)). However, considering that the ALJ convened the second hearing to allow Plaintiff to cross-examine the ME who provided answers to interrogatories propounded by the ALJ, tr. at 68, it is puzzling why the ALJ did not allow Plaintiff's counsel to question the ME more thoroughly about his consideration of the medical record. Id. at 78-79.[7] Although the ALJ stated that she had not considered the answers to the interrogatories in her decision, I note that she did indicate that the doctor's opinions, as expressed in the answers to the interrogatories, were consistent with the record. Id. at 21. Thus, despite stating that the ALJ was convening the hearing to allow Plaintiff to cross-examine the ME, the ALJ considered the interrogatory answers which were not subject to any cross-examination, and circumscribed Plaintiff's cross-examination of the ME who testified at the supplemental hearing. On remand, if the ALJ considers ME testimony, he/she shall allow Plaintiff or her representative to ask questions of the ME that are material to the issues in the case. See 20 C.F.R.

---

[7]As explained at the beginning of the supplemental administrative hearing, after the first hearing, the ALJ propounded interrogatories on an ME, and the ALJ convened the hearing to allow Plaintiff to cross-examine the ME who provided answers to those interrogatories. Tr. at 68; see also id. at 573-83. The physician who responded to the interrogatories was "no longer available," and the ALJ arranged to have another physician present at the hearing to provide new ME testimony based on his review of the record. Id. at 68. The ALJ specifically stated that Plaintiff's counsel would have "the opportunity to cross examine said [ME]." Id.

§ 404.950(e) (allowing claimant or a representative to ask questions material to the issues in the case).

Defendant has stated that on remand, an "ALJ will take any action necessary to further evaluate the case and complete the administrative record" and issue a new decision. Doc. 7 ¶ 3. Because further evaluation of Plaintiff's claims and development of the administrative record should address the issues she has presented in her Request for Review, I will grant Defendant's uncontested motion for remand.[8]

### III.  CONCLUSION

For the foregoing reasons, I will grant the Defendant's motion for remand. An appropriate Order and Judgment Order follow.

---

[8]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 6 at 17-20 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)). Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security | : | NO. 21-2038 |

## **O R D E R**

AND NOW, this 12th day of January, 2022, upon consideration of Plaintiff's brief (Doc. 6), Defendant's Uncontested Motion to Remand (Doc. 7), and the administrative record (Doc. 5), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ Elizabeth T. Hey

ELIZABETH T. HEY, U.S.M.J.